IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-916-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| JONES' PERSONAL PROPERTY, SPECIFICALLY DESCRIBED AS: A DEL-TON, INC. DTI–15 RIFLE, CALIBER 556, SERIAL NUMBER DTI–S081048; A TAURUS PT111 MILLENNIUM G2 PISTOL, CALIBER 9, SERIAL NUMBER TIW84772; A SMITH & WESSON M&P 40 SHIELD PISTOL, CALIBER 40, SERIAL NUMBER HKU6685; SIXTY (60) ROUNDS OF TULA CARTRIDGE WORKS – RUSSIA AMMUNITION, CALIBER 223; THIRTY (30) ROUNDS PMC AMMUNITION, CALIBER 223; THIRTEEN (13) ROUNDS WINCHESTER–WESTERN AMMUNITION, CALIBER 40; TWENTY–FOUR (24) ROUNDS WINCHESTER–WESTERN AMMUNITION, CALIBER 9, | ) | |
| Defendants. | ) | |

This matter is before the court on the government's motion for summary judgment. (DE 9). Claimant has not responded to the motion and the time to do so has elapsed. In this posture, the issues presented are ripe for ruling. For the reasons that follow, the motion is granted.

**STATEMENT OF THE CASE**

The government brought suit in rem against the defendant property November 23, 2016, pursuant to 18 U.S.C. § 924(d)(1), to enforce 18 U.S.C. § 922(g)(1). The government alleges that the defendant property was "possessed in or affecting commerce by a person who has been convicted in court of a crime punishable by imprisonment for a term exceeding one year . . ." (DE 1 ¶ 6).

On March 3, 2017, claimant, proceeding pro se, filed a document lodged on the docket as "claim[,]" (DE 5), which document responds to the declaration of United States Bureau of Alcohol, Tobacco, Firearms, and Explosives Task Force Officer Larry Bear ("Bear"), attached as exhibit A to the government's complaint and incorporated therein. (DE 1-1). On March 16, 2017, claimant filed another document, lodged on the docket as "answer" which document includes an identical response to Bear's declaration and, in addition, includes a document titled "Official Claim in addition to answers submitted to Declaration of Officer Larry Bear[,]" (DE 6), which the court construes as a claim and answer made pursuant to Rule G(5)(f) the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Pursuant to Federal Rule of Civil Procedure 36 and this court's case management order, the government served upon claimant requests for admission April 20, 2017. (DE 12-1). Filings accompanying the government's motion for summary judgment indicate that claimant made no response to the requests for admission, and the deadline to do so expired May 20, 2017. Fed. R. Civ. P. 36(a)(3). The government moved for summary judgment June 28, 2017. (DE 9). Notice issued by the clerk pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informed claimant that deadline to respond to the government motion would elapse July 24, 2017. (DE 13). Claimant has

made no response to the motion.

In support of its motion for summary judgment, the government relies upon the declaration of Bear, claimant's response to same, and the government's unanswered requests for admissions.

## STATEMENT OF THE UNDISPUTED FACTS

The undisputed facts viewed in the light most favorable to the non-movant may be summarized as follows. At times relevant to this action, claimant was engaged and later married to Tieray Jones ("Jones"). (DE 12-1 ¶ 1). Claimant allowed Jones to stay overnight at her residence, and permitted Jones to store his property there. (Id. ¶¶ 3, 5). At all relevant times, claimant was aware that Jones was a convicted felon. (DE 12-1 ¶¶ 8–10).

Prior to April 18, 2016, Jones enjoyed unlimited access to the defendant property. (DE 12-1 ¶ 13). Jones fired defendant Taurus PT111 Millennium G2 Pistol, Caliber 9, Serial Number TIW84772 ("Taurus") in February 2016, and, on approximately February 14, 2016, Jones accompanied claimant to a shooting range for the purpose of firing defendant Del-Ton, Inc. DTI–15 Rifle, Caliber 556, Serial Number DTI–S081048 ("DTI rifle") but was not permitted to fire the DTI rifle by shooting range personnel. (DE 5 ¶ 17).

On April 18, 2016, Jones was arrested on the basis of an outstanding warrant pertaining to an alleged homicide occurring in San Diego, California. (DE 5 ¶¶ 6, 11). Following arrest, Jones was incarcerated at the county jail in San Diego, California. (DE 1-1 ¶ 7).

While Jones was incarcerated, claimant and Jones engaged in telephonic conversations, which conversations were recorded. (DE 5 ¶ 7). One call, recorded June 3, 2016, led to the following exchange:

[Jones:]   About the weapons in the house.

| | | |
|---|---|---|
| [Claimant:] | What about them? What about them? Want me to take them to Earl's? | |
| [Jones:] | Leave yours. You don't have to tell Earl. Just put them under the bed in Earl's old room. Slide the case under the bed. You can keep the ammunition and stuff there, that's not a big deal. I don't want weapons taken from the home and not know it. | |

(DE 5 ¶ 8). Another call, recorded June 20, 2016, resulted in the following exchange:

| | | |
|---|---|---|
| [Jones:] | You didn't get that bag to the house, did you? | |
| [Claimant:] | What bag? | |
| [Jones:] | What bag? The military bag, the army bag, that is in the house. | |
| [Claimant:] | Oh yeah, the one with the guns in it. | |
| [Jones:] | I have this thing about stuff sitting around. If you have to, rearrange my closet again, and just move the shoe boxes. | |

(Id. ¶ 6). In another call, also recorded June 20, 2016, Jones stated, "[p]icking me up in our home was not a safe situation[,]" to which claimant, laughing, responded, "If they had been watching us for a while, they might have known we had weapons." (Id. ¶ 10).

On June 24, 2016, Bear, accompanied by Special Agent Harold McCluney, Special Agent Ken Andrews, and Task Force Office Carl Husketh (collectively "the agents"), arrived at claimant's residence and, with claimant's permission, entered the home. (Id. ¶ 12). After advising claimant that they were investigating potential violations of federal firearms laws, the agents asked claimant to retrieve any firearms in her home, which request claimant voluntarily obliged. (Id. ¶ 12). Claimant went to the upstairs of the home and retrieved the defendant property while the agents waited downstairs. (Id.).

After claimant retrieved firearms and ammunition, which now stand as the defendant property, the agents informed claimant that Jones was under investigation for potential violations

4

of federal firearms laws. (Id. ¶ 21). The agents then confiscated the defendant property. (Id.).

## DISCUSSION

A.     Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must

be viewed in the light most favorable to the party opposing the motion."). However, "[a] genuine issue of material fact is not created where the only issue of fact is to determine which of two conflicting versions of [a party's] testimony is correct." Celotex, 736 F.2d at 960; see also Burwick v. Pilkerton, __ Fed. App'x. __, 2017 WL 2983004, at *2 (4th Cir. 2017) (holding that plaintiff established no genuine dispute of material fact where interrogatory answers contradicted answers to requests for admission made pursuant to Rule 36).

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

B.  Analysis

The United State Code provides that "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition. . ." 18 U.S.C. § 922(g)(1). The government need not prove "actual or exclusive possession" to establish a violation of 18 U.S.C. § 922(g); rather, "constructive or joint possession is sufficient." United States v. Gallimore, 247 F.3d 134, 136–37 (4th Cir. 2001). A person may exercise constructive possession of a firearm "even if

6

it is not in his immediate possession or control." United States v. Shorter, 328 F.3d 167, 172 (4th Cir. 2003). Constructive possession may be demonstrated through "direct or circumstantial evidence that the [individual] exercised, or had the power to exercise, dominion and control over the item. Id.

Any firearm or ammunition involved in or used in any knowing violation of [18 U.S.C. § 922(g)] . . . shall be subject to seizure and forfeiture . . ." 18 U.S.C. § 924(d)(1). To prevail in a civil forfeiture action, the government must prove by a preponderance of evidence that the property in question is subject to forfeiture. 18 U.S.C. § 983(c).

A claimant's property is not subject to forfeiture if claimant qualifies as an "innocent owner." 18 U.S.C. § 983(d)(2)(A); United States v. $10,694.99 U.S. Currency, 828 F.2d 233, 234–35 (4th Cir. 1987). To succeed under the innocent owner defense, a claimant must carry the burden to prove that he "(i) did not know of the conduct giving rise to the forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." 18 U.S.C. § 983(d)(2)(A).

Here, it is undisputed that Jones is a convicted felon, and, therefore, at all relevant times, was prohibited under 18 U.S.C. § 922(g)(1) from possessing a firearm. (See DE 5 ¶ 15 (claimant denying prior awareness of Jones's criminal history without contesting existence of such history)). Claimant's response to Bear's declaration demonstrates that Jones exercised actual possession over defendants Taurus, DTI rifle, and associated ammunition when he accompanied claimant to shooting ranges on at least two occasions in February 2016, for the purpose of test-firing or otherwise recreational use of those weapons. (DE 16). Moreover, where claimant failed to respond to the government's timely requests for admissions, matters addressed therein are deemed admitted and,

7

therefore, conclusively established. See Fed. R. Civ. P. 36 (a)(3), (b). Accordingly, it is conclusively established for purposes of this action that "Jones had unlimited access to the seized guns and ammunition that are the subject of this action[,]" including the aforementioned defendants, defendant Smith & Wesson M&P 40 Shield Pistol, Caliber 40, Serial Number HKU6685, and all above-captioned ammunition, where the government requested claimant's admission of these facts and claimant failed to respond. See id.; (DE 12-1 ¶ 13). Therefore, Jones's had at least constructive possession of all defendant property where he had access, and therefore, "the power to exercise dominion and control" of the defendant property at all relevant times. See Shorter, 328 F.3d at 172.

Finally, the evidence of record demonstrates that claimant does not qualify as an innocent owner. See 18 U.S.C. § 983(d)(2)(A). First, where the government's unanswered requests for admissions charge claimant with knowledge of Jones's status as a felon, (See DE 12-1 ¶ 9; Fed. R. Civ. P. 36(a)(3), (b)), it is conclusively established that claimant knew of the conduct giving rise to the instant forfeiture. See 18 U.S.C. § 983(d)(2)(A). Therefore, claimant's denial of prior knowledge of Jones's criminal history via answer to Bear's declaration is insufficient to overcome the conclusive effect of her Rule 36 admission to the contrary where "[a] genuine issue of material fact is not created where the only issue of fact is to determine which of two conflicting versions of [a party's] testimony is correct." See Celotex, 736 F.2d at 960; see also Burwick, __ Fed. App'x. __, 2017 WL 2983004, at *2 (holding that plaintiff established no genuine dispute of material fact where interrogatory answers contradicted answers to requests for admissions made pursuant to Rule 36). Second, it is undisputed that claimant took no action to restrict Jones's access to the defendant property, and, indeed, claimant affirmatively facilitated such access. (See e.g., DE 5 ¶ 8 (admitting occurrence of conversations wherein claimant expresses willingness to transport the defendant

property according to Jones's instructions)). See id. Therefore, the evidence of record establishes that claimant can satisfy neither element of the innocent owner defense. See id.

Based upon the foregoing, the record discloses absence of any genuine dispute of material fact as to Jones's unlawful possession of the defendant property, and the government has met its burden to establish that the defendant property is subject to forfeiture. See 18 U.S.C. § 983(c); Celotex, 477 U.S. 317, 323 (1986). Where claimant has failed to "come forward with specific facts showing that there is a genuine issue for trial[,]" Matsushita, 475 U.S. at 586–87, summary judgment is warranted as to the government's claims. Therefore, in accordance with Rule G(3)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 18 U.S.C § 985, defendants are forfeited to the United States of America for disposition according to law, including destruction.

## CONCLUSION

For the foregoing reasons, the government's motion for summary judgment, (DE 9), is GRANTED. Defendants are FORFEITED to the United States of America for disposition according to law, including destruction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 16th day of August, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge